### Court of Appeals for Licking County.

### J. W. HORNBY v. HARRY D. RANK ET AL.

#### Decided, October Term, 1915.

*Distribution—Order of Priority of Magistrate's Judgments—Governed by Section 11661—Character of Evidence Required to Sustain a Nunc Pro Tunc Entry.*

1. Under the rule that a motion for an entry *nunc pro tunc* must be sustained by clear and convincing evidence, a reviewing court is without authority to reverse a judgment overruling such a motion where there is no bill of exceptions embodying the evidence upon which the motion was overruled below.

2. Judgments rendered by a justice of the peace become a lien as of the date and in the order of the filing of the transcripts where such filing occurs during the term, and a decree of distribution giving them priority in the order of their filing will not be disturbed.

*Smythe & Smythe,* for plaintiff in error.

*Flory & Flory,* contra.

POWELL, J.

The order or judgment sought to be reversed in this action is an order overruling a motion filed in the court of common pleas for an entry *nunc pro tunc* of an order of distribution, entered in a partition case in which one George Fessler owned an undivided interest in the real estate sought to be partitioned and against which were numerous liens sufficient to exhaust his interest in such real estate.

The particular question complained of is as to the distribution of $192.83 balance remaining after the specific liens against said real estate had been paid and an allowance made to said Fessler in lieu of a homestead. In addition to the other liens were four judgments entered before justices of the peace, transcripts of which were taken and filed with the clerk of courts of this county. These four judgments were all filed during the January term of 1911, but at different dates. The total amount of the

judgments is largely in excess of the amount to be distributed. It seems that an entry had been prepared and approved by all of the attorneys, excepting the attorneys for one of the transcript creditors; that such entry was taken by the sheriff, and the order of distribution made by it was entered upon his partition ledger, and distribution of said sum was made by him in accordance therewith; that a year or two afterwards it was discovered that this entry had never been journalized or entered upon the journal of the court of common pleas; whereupon a motion was made for an order to be entered as of the date when such distribution was made, making distribution of said fund in a different manner than the same had been distributed. This motion is not with the papers in the case, but the transcript shows that such motion was presented and overruled.

The petition in error involves two propositions:

1.   A motion for an entry *nunc pro tunc* must be sustained by evidence. In fact, our Supreme Court had held that the power of a court to make such entry should be exercised only upon evidence which shows clearly and convincingly that the action sought to be entered by a *nunc pro tunc* order was in fact taken. *Jackson* v. *Adamson*, 56 O. S., 397.

The entry overruling the motion shows that the same was submitted upon evidence, and the court found that the facts on which said motion was founded were insufficient and overruled the motion. There was no bill of exceptions taken embodying the testimony offered upon this motion, and it is urged upon the part of defendants in error that the court is without authority to reverse the judgment, upon the ground that the evidence upon which that judgment or order was entered is not before the court. We think this contention is well taken and that we are without authority to enter a reversal of this case upon the grounds stated in the petition in error.

It is contended however, that the facts appear upon the record and that they are stated in the briefs of counsel, and the real question between the parties is as to the manner of distribution of said fund. The sum to be distributed was rightly held to be applicable to the payment of the transcript judgments. It is contended by plaintiff in error that the sum should be applied

*pro rata* upon the amount of the several transcript judgments, and it is contended by the defendants in error that the transcripts became liens at the date of their filing because they were filed within term time, and the judgments should be paid in the order in which the transcripts were filed with the clerk; or, in other words, it is contended by plaintiff in error that the rule prescribed by Section 11665 of the General Code should control in making the order of distribution, while the defendants in error claim that the rule prescribed by Section 11661 of the General Code should provail.

We are of the opinion that, upon the facts as shown by the admissions of counsel and by their briefs to be undisputed, that Section 11661 furnishes the proper rule by which such distribution should be made, viz: that these judgments became liens at the date of their filing, because they were each filed during term time, and that in an order adjusting priorities of liens against said amount they should be ordered paid in the order of time in which they were filed.

The rule prescribed by Section 11665 relates to liens created by levy of an execution, and the rule as prescribed by Section 11661 relates solely to the attaching of liens by virtue of transcripts of judgments before justices of the peace having been filed by the clerk of courts, and this rule is applicable to the case at bar.

It is the opinion of the court, upon either contention, that there was no error in the order of the court of common pleas in overruling the motion for an order *nunc pro tunc*, or the claim of plaintiff in error to have said fund distributed *pro rata*, instead of in the order of the filing of the different transcripts. The judgment of that court will be affirmed at the costs of the plaintiff in error.

SHIELDS, J., and HOUCK, J., concur.